## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| STEPHANIE CHARTER<br>400 Liberty Lane<br>Allentown, PA 18106<br><br>Plaintiff,<br><br>v.<br><br>RHA Health Services, LLC<br>3894 Courtney Street, Suite 100<br>Bethlehem, PA 18017<br><br>and<br><br>SALISBURY BEHAVIORAL HEALTH, LLC<br>323 S. West Street<br>Allentown, PA 18102<br><br>Defendant. | CIVIL NO.: _____<br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Stephanie Charter ("Plaintiff"), by and through her undersigned attorneys, for her Complaint against RHA Health Services, LLC and/or Salisbury Behavioral Health, LLC ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff initiates this action contending that Defendant violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* Specifically, Plaintiff contends that Defendant subjected her to sexual harassment of a severe or pervasive nature resulting in a hostile and offensive work environment because of sex, and constructively

discharging Plaintiff from her employment as a result of her reports of the same, in violation of Title VII and the PHRA.

## PARTIES

2.  Plaintiff Stephanie Charter is a citizen of the United States and Pennsylvania and currently maintains a residence at 410 Liberty Lane, Allentown, PA 18106.

3.  Defendant RHA Health Services, LLC is organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 3894 Courtney Street, Suite 100, Bethlehem, PA 18017. Salisbury Behavioral Health, LLC is organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 323 S. West Street, Allentown, PA 18102.

## JURISDICTION AND VENUE

4.  Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.  On or about January 02, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).

6.  On or about January 24, 2022, Plaintiff filed an Amended Charge of Discrimination with the EEOC, thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).

7.  Plaintiff' EEOC Charges were dually filed with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2022-01933. Plaintiff's EEOC was filed within one hundred and eighty (180) days of the unlawful employment practice.

8. By correspondence dated January 18, 2023, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

9. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

10. This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant maintains a business location within this judicial district, is currently doing business therein, and the events giving rise to these claims took place within this judicial district.

## FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. In or around August 2017, Plaintiff began her employment with Defendant in the position of Residential Advisor.

15. At all times material hereto, Plaintiff performed her job satisfactorily, receiving positive feedback from management.

16. Beginning from in or around May 2021, Plaintiff was scheduled to work the evening shift, from around 3:00 pm to around 11:00 pm, at Defendant's West Street Allentown location.

17. Plaintiff was the only employee at Defendant's West Street Allentown location from around 6:00 pm to around 11:00 pm, or five (5) hours of her scheduled shift.

18. In or around May 2021, Plaintiff was sexually harassed by a resident of Defendant's facility (hereinafter referred to as "Resident X").

19. More specifically, Resident X waited until all other employees left for the evening and Plaintiff was by herself before sexually harassing Plaintiff.

20. Throughout the month of May 2021, Resident X regularly and continually sexually harassed Plaintiff, waiting until Plaintiff was the only employee working in the evening.

21. As a result, Plaintiff reported Patient X and the sexual harassment to her supervisor, Elizabeth Crabb ("Ms. Crabb") in or around May 2021.

22. Plaintiff reported the sexual harassment to Ms. Crabb at least three (3) to four (4) times as Patient X's sexual harassment continued.

23. At approximately 6:20 pm on or around June 10, 2021, Plaintiff was again the only employee on shift.

24. At approximately 6:20 pm on or around June 10, 2021, Patient X attempted to rape Plaintiff.

25. More specifically, Patient X entered the office where Plaintiff was working, locked the door behind him, and tried to take a bottle of Tylenol that Plaintiff was holding.

26. Patient X then immediately pushed his body on top of Plaintiff, licked his lips in Plaintiff's face, and physically grabbed Plaintiff's breasts with both of his hands.

27. Plaintiff screamed as loud as she was able and attempted to push Patient X from her body.

28. Patient X, concerned that somebody had heard Plaintiff's scream, jumped from Plaintiff's body and sprinted out of the office.

29. Plaintiff went into a panic as a result of the aforementioned, but managed to leave the office and call Ms. Crabb approximately five (5) minutes after the attempted rape.

30. During their phone call, Plaintiff specifically informed Ms. Crabb of what happened.

31. Shortly thereafter, and during the same day as the attempted rape, Plaintiff completed an Incident Report Form, documenting the same.

32. More specifically, the Incident Report Form directly states: "Sexual assault by or against client." "[Patient X] knocked on door for Tylenol and proceeded to grab staffer S.C.'s breasts."

33. Shortly thereafter, Plaintiff saw and informed her other supervisor, Mike L (full last name unknown; "Mr. L") about the attempted rape.

34. Mr. L stated that he was aware of the attempted rape.

35. On or around July 5, 2021, Plaintiff learned that a meeting was held with the County and Patient X's Assertive Community Treatment team.

36. However, Patient X's attempted rape and continuous sexual harassment of Plaintiff was never discussed.

37. Defendant did not take appropriate remedial action to address Plaintiff's reports of sexual harassment.

38. Subsequent to Plaintiff's reports of Patient X's sexual harassment, Patient X's attempted rape, and Patient X's meeting, Defendant took zero action to remedy the situation and/or separate Plaintiff from Patient X.

39. Instead, Plaintiff's daily proximity to Patient X actually increased subsequent to the aforementioned.

40. By way of just one example, and again subsequent to the aforementioned, Defendant informed Plaintiff that Patient X was no longer taking his medicine.

41. Defendant proceeded to instruct Plaintiff that it was now her job duty to administer Patient X's medicine directly.

42. On or around July 6, 2021, Plaintiff was again sexually harassed by Patient X.

43. More specifically, Patient X approached the office Plaintiff was working in, knocked on the door, and stated that he locked himself out of his room and needed Plaintiff to unlock his door.

44. Because of Patient X's continuous and enduring sexual harassment, Plaintiff recognized this as one of Patient X's common and regular practices utilized to attempt to bring Plaintiff's person closer to himself.

45. At the time, Plaintiff was yet again the only employee on site.

46. Plaintiff found and brought two (2) additional resident-clients with her to unlock Patient X's door.

47. While unlocking Patient X's door, Patient X suddenly pushed himself up against Plaintiff, breathed directly in Plaintiff's face and asked if Plaintiff wanted to be sexual with himself.

48. Plaintiff attempted to push Patient X from her body and unequivocally denied Patient X's advance.

49. Shortly thereafter, Plaintiff left a handwritten note to Defendant, complaining and reporting this incident, and detailing once more the mistreatment she had been subjected to.

50. Plaintiff sent Ms. Crabb a copy of the note via text message and left the note on Mr. L's desk.

51. Plaintiff also directly stated to Ms. Crabb that she "did not feel comfortable working with [Patient X] at all," "felt so unsafe," and she was "going to be forced to quit if something is not done because [Plaintiff] is unable to perform her job properly and feels unsafe at work."

52. Defendant continued to not take appropriate remedial action.

53. On or around July 14, 2021, Plaintiff emailed Teresa Purcell ("Ms. Purcell"), citing Patient X's ongoing and constant sexual harassment and Patient X being physically aggressive with Plaintiff.

54. Plaintiff further stated, "I feel my safety has not been taken seriously at all. Therefore, as of today, I will not be reporting to West Street, and respectfully I will not be returning."

55. As a result of the aforementioned, Plaintiff has experienced a great decline in her mental health.

56. As a result of the aforementioned, Plaintiff feared returning to work due to the hostile work environment and continuation of sexual harassment.

57. In light of the foregoing and the fact that no remedial action was taken, on or around July 14, 2021, Plaintiff was constructively discharged from her employment.

58. Plaintiff was forced to endure offensive conduct as a condition of her employment with Defendant, which was sufficiently severe or pervasive to alter the terms and conditions of her employment.

59. Defendant's conduct was sufficiently severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive, and which interfered with the ability for Plaintiff to do her job.

60. Plaintiff made good faith complaints to Defendant to stop the sexually charged behavior. However, Defendant failed to take appropriate remedial action and in fact increased Plaintiff's exposure to Patient X, resulting in yet further sexual harassment.

61. In light of the foregoing, it is believed and therefore averred that Plaintiff was subjected to a hostile work environment, and differential treatment on the basis of her sex (female), and/or for her good faith complaints regarding the severe or pervasive sexual harassment she faced throughout her employment with Defendant, in violation of Title VII and the PHRA.

62. Additionally, as a result of the above-referenced conduct and failure to remedy the ongoing sexual harassment and the hostile work environment, Plaintiff was constructively discharged because of her sex, the ongoing sexual harassment, the hostile work environment, and her complaints in connection thereto.

63. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e,** *et seq.*
**SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT/RETALIATION**

64. Paragraphs 1 through 63 are hereby incorporated by reference as though the same were fully set forth at length herein.

65. Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

66. Plaintiff is female and is therefore a member of a protected class under Title VII.

67. Defendant permitted and/or allowed to exist a hostile work environment because of sex as described above.

68. Defendant knew or should have known of the harassment Plaintiff experienced, but failed to act to prevent and/or remedy the harassment.

69. Plaintiff's internal complaints to Defendant regarding sexual harassment/sex discrimination constituted protected activity within the meaning of Title VII.

70. Defendant subjected Plaintiff to a hostile work environment because of sex in violation of Title VII.

71. The sexually and retaliatory hostile work environment to which Plaintiff was subjected adversely affected Plaintiff's psychological wellbeing and unreasonably interfered with Plaintiff's work performance.

72. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

73. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has and is suffering significant mental, emotional, psychological, physical, and economic damages, including, but not limited to, loss of income, earnings, and earnings potential.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

    b)    Compensatory, punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, willful, negligent, wanton, and/or malicious conduct;

    c)    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

    d)    Pre-judgment interest in an appropriate amount; and

    e)    Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951,** *et seq.*
**SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT/RETALIATION**

74.    Paragraphs 1 through 73 are hereby incorporated by reference, as though the same were fully set forth at length herein.

75.    The conduct described herein and above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff because of her sex.

76.    Plaintiff is therefore afforded the opportunity to seek any and all remedies available under the PHRA, 43 P.S. § 951, *et seq.*

77.    Because of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered damages in the form of, inter alia, loss of past and future wages and compensation, personal humiliation, emotional distress, embarrassment, loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay loss of health benefits, and raises in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton and/or malicious conduct;

c) Plaintiff's cost, disbursements, and attorney's fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/   Andrew J. Schreiber*
Andrew J. Schreiber, Esquire
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103

11

        TEL: 267-273-1054
        FAX: 215-525-0210
        aschreiber@phillyemploymentlawyer.com
        murphy@phillyemploymentlawyer.com
        *Attorneys for Plaintiff*

**Dated:** April 13, 2023

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation